UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-63-RJC
3:05-cr-103-RJC-DCK-2

| | |
|---|---|
| **JERMAL DANIELS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on limited remand from the Fourth Circuit Court of Appeals, case number 17-7015, to determine whether Petitioner is entitled to have the appeal period reopened pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. (Doc. No. 28).

Petitioner instituted the instant civil case by filing a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Court denied relief on March 31, 2017. The Court's records indicate that the Order denying the § 2255 petition, (Doc. No. 19), and the Clerk's Judgment, (Doc. No. 20), were served on Petitioner by U.S. Mail on the same day they were docketed. In a Notice of Appeal docketed on August 8, 2017, dated July 24, 2017, and post-marked August 1, 2017, Petitioner states that he did not timely receive notice of the § 2255 Judgment "through the normal operational procedures." (Doc. No. 23 at 1). Petitioner asserts that he found out about the § 2255 Judgment on July 19, 2017, after he inquired into the case status and received a copy of the docket sheet. (Id.).

The Fourth Circuit remanded for this Court to "determine when Daniels received notice of

1

the district court's entry of judgment and whether he is entitled to a reopening of the appeal period pursuant to Rule 4(a)(6)." (Doc. No. 28 at 3).

On remand, this Court ordered the Government to file a Response and any evidence, such as prison mail logs, demonstrating why Petitioner's Notice of Appeal should not be considered timely pursuant to Rule 4(a)(6).[1] (Doc. No. 29).

The Government has filed a Response, (Doc. No. 30), conceding that the prison mail log for the two months following entry of the March 31, 2017, Judgment does not reflect Petitioner's receipt of any mail from this Court. The Government does not have any evidence to dispute Petitioner's allegation that he did not receive notice of the Court's Judgment until July 19, 2017, when he obtained a copy of the Court's docket. The Government concedes that an evidentiary hearing is not warranted in light of its lack of evidence, and it further concedes that reopening the time to appeal in this case will not result in prejudice.

The Federal Rules of Appellate Procedure provide:

> **Reopening the Time to File an Appeal**. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d), whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

Fed. R. Civ. P. 4(a)(6).

---

[1] Petitioner was granted 14 days to file a Reply, however, the Court is not awaiting expiration of the Reply period before issuing this Order in light of the Government's concession that the time for appealing should be granted without an evidentiary hearing.

Because the Government concedes that Petitioner did not receive any mail from this Court during the two months following entry of the Judgment, and that it has no evidence to rebut Petitioner's allegation that he did not receive the Judgment until July 19, 2017, the Court finds that an evidentiary hearing is unnecessary. The lack of any mail log entry from the Court within the months following entry of the § 2255 Judgment supports Petitioner's unrebutted claim that he did not receive a copy of the Judgment until July 19, 2017, which the Court accepts as true.

Accordingly, the Court **FINDS:** (1) Petitioner did not receive notice of entry of the March 31, 2017, Judgment until more than 21 days later on July 19, 2017; (2) the Notice Appeal is liberally construed as a Motion to Reopen which was filed within 14 days after Petitioner received notice of the Judgment's entry;[2] and (3) no party would be prejudiced if the time to file an appeal is reopened. The Court therefore **GRANTS** Petitioner's Motion to Reopen the time for appeal pursuant to Rule 4(a)(6).

The Clerk is instructed to mail a copy of this Order to the named parties and counsel of record. The Clerk is further directed to return the record, as supplemented, to the Fourth Circuit Court of Appeals pursuant to its May 22, 2018, *per curiam* opinion, case number 17-7015.

Signed: July 11, 2018

Robert J. Conrad, Jr.
United States District Judge

---

[2] The date upon which Petitioner signed the Notice of Appeal, July 24, 2017, and the date on the envelope's postmark, August 1, 2017, are both within the 14-day limit set forth in Rule 4(a)(6)(B). See Houson v. Lack, 487 U.S. 266, 275 (1988) (setting forth the prisoner mailbox rule); United States v. Gray, 98 Fed. Appx. 239 (4th Cir. 2004) (assuming that the date appearing on the prisoner's envelope was the earliest date it could have been properly delivered to prison authorities for mailing). The Fourth Circuit assumed in its Order remanding this matter that the date appearing on the Notice of Appeal, July 24, 2017, is the earliest date it could have been properly delivered to prison officials for mailing. See (Doc. No. 28 at 3 fn.*).